TILLMAN PEARSON, Judge.
The appellants are the Seaboard Air Line Railroad Company; the Crandon Drug Company, and Ryder System, Inc. They were the defendants in the trial court. The appellee, Leland B. Cain, was a brakeman for Seaboard. He sued the appellants for damages received in a truck-train accident. A jury verdict was rendered for the appel-lee. These appeals are from a final judgment for the plaintiff.
The accident occurred at about 4:30 a. m. at the intersection of State Road 776 and the Seaboard tracks six miles west of Englewood in Charlotte County, Florida. The appellee was injured when the truck owned by Ryder and operated by an employee of Crandon was unable to or did not stop after discovering that the railroad engine blocked the highway. The truck left the road and struck the appellee who was in the act of closing a switch on the railroad track.
Position of the Appellant, Seaboard Air Line Railroad
The appellee, Cain, in his suit against the Railroad, alleged liability under the Federal Employers’ Liability Act. The main thrust of the Railroad’s appeal is that the facts presented to the jury were such that it conclusively appears that the only negligence involved was that of the truck driver. Three of this appellant’s six points are based upon this position urging either that the Railroad’s motion for summary judgment or its motion for a directed verdict should have been granted.
The degree of negligence that it is necessary for a plaintiff to prove in a Federal Employers’ Liability Act suit is small. See Rogers v. Missouri Pacific R. R., 352 U.S. 500, 77 S.Ct 443, 1 L.Ed.2d 493; Atlantic Coast Line R. R. v. Barrett, Fla. 1958, 101 So.2d 37.
There is evidence in the record upon which the jury could have found: (1) That the train was unnecessarily and negligently stopped so as to block the highway; (2) that the engine was improperly lighted so that it was not visible to an approaching motorist at night; (3) that the Railroad through its employees failed to give an adequate warning under the circumstances. We hold that at least that degree of neg *563 ligence by the Railroad required by the Federal Employers’ Liability Act and the Rogers case, supra, has been shown in this case.
Position of the Appellants, Crandon . Drug Company and Ryder System, Inc.
These appellants, whose liability in the cause was found by the jury on the basis of negligence of the truck driver, urge that the injuries to appellee Cain were not the result of any negligence of the truck driver. It is argued that the injury to Cain did not follow in a natural and ordinary sequence from any act of the truck driver but that said injury was in fact an unforeseeable circumstance. It is pointed out that Cain was not on the train but was standing some distance to the side of the road at the switch. Cain’s injury occurred when the truck left the highway in an attempt to avoid a collision with the train. Cain was standing at the switch with a lantern in his hand. There was no other light nearby. The driver of the truck had his headlights on. When he found that he could’ not stop because of what the jury may have believed was excessive speed under the circumstances, he chose to leave the road and to drive into the area lighted by the lantern. The jury may have found that if the driver had kept a proper lookout he would have seen the lantern and the plaintiff, and that had he kept his vehicle under proper control he would not have hit where the plaiú-tiff was working. We hold that there is evidence in the record which if -believed by the jury is sufficient to support the.verdict against Crandon Drug Company and Ryder System, Inc.
Procedural Points Urged by all Appellants.
It is urged that the trial judge abused his discretion in refusing to allow into evidence a written report of a neurosurgeon. The' circumstances surrounding this report require that we set out some of the proceedings prior to trial.
In response to an interrogatory propounded by the Railroad which asked the appellee Cain to “Set forth the full name and address of each and every doctor, nurse, or other medical persons who have attended or examined you * * the plaintiff, appellee, listed four doctors but failed to make a disclosure that he had been examined by a neurosurgeon. At the trial this failure was explained on the basis that one of his treating doctors had sent him to the neurosurgeon for one visit and that the patient had not considered this as a separate examination; at least it was not such as to call it to his mind in answering the interrogatory. At the trial during the examination of one of the treating physicians, the neurosurgeon’s examination was revealed. It was further disclosed that a copy of the neurosurgeon’s report to the treating physician had been delivered by the treating physician to the attorney for the plaintiff on the morning of the trial.
[5]Based on these circumstances the appellants take the position that because of a surprise they, were entitled to have the rule as to hearsay waived and therefore the neurosurgeon’s report should have been admitted into evidence as the defendant’s exhibit. The trial judge denied this motion. We hold that the trial judge correctly rejected the report as hearsay. Appellant’s remedy, if any, as to the claimed surprise was to move for a continuance or a mistrial. ' In this instance neither motion was made. The discovery was in the first day of trial and is entirely possible that upon proper motion the court would have provided for a recess to take the deposition or otherwise procure the evidence of the neurosurgeon. It appears from this record that the appellants chose to proceed with the trial after having achieved the practical effect of the refusal of the court to admit the report in evidence upon the objection of the plaintiff,'appellee.' Under.these circumstances harmful error has not been shown.
*564 We have considered other assignments of each of the defendants going to procedural matters, such as objections to instructions and the denial of the new trial on the basis of an excessive verdict and we find that none of these present reversible error. Having reached the conclusion that the appellants have failed to demonstrate error, the judgment is affirmed upon both appeals.
Affirmed.