698 So.2d 1278 (1997)
Allen P. WHITEHEAD and Mosley, Wallis & Whitehead, P.A., Appellants,
v.
Michael E. DREYER, et al., Appellees.
No. 96-1374.
District Court of Appeal of Florida, Fifth District.
August 15, 1997.
Rehearing Denied September 9, 1997.
*1279 Vincent G. Torpy, Jr., Melbourne, for Appellants.
David B. King and Mayanne Downs of King & Blackwell, P.A., Orlando, for Appellees Lou Fischer and David Walker.
David J. Wolfman of Wolfman & Wolfman, P.A., Merritt Island, for Appellees Michael E. Dreyer and Coldwell Banker Sun land Realty of Florida, Inc.
PETERSON, Judge.
The appellants, Allen P. Whitehead and Mosley, Wallis & Whitehead, P.A., are the lawyer and law firm that prepared and filed a complaint on behalf of Michael E. Dreyer, a broker who claimed entitlement to a five percent commission on the sale of an 8,500 acre ranch. The trial court entered a final summary judgment against the broker and assessed attorney's fees and costs of $21,071.06 against him, and against the appellants' attorneys in a like amount on the grounds that the complaint presented no justiciable issues. Earlier Dreyer had voluntarily dismissed his appeal of that summary judgment, and never appealed the award of attorney's fees and costs. Appellants challenge the award of attorney's fees against them and allege that the suit, brought by them on behalf of the broker raised a justiciable issue of either law or fact.
The record reflects no oral agreement obligating the ranch owners to pay a commission to Dreyer. Contrarily, the record reflects only one agreement, a written one obligating the ranch owners to pay a five percent commission if the ranch is sold to either the State of Florida, The Trust for Public Lands, the CARL Program or the St. Johns Management District. That agreement was later cancelled and the ranch was not sold to any of those agencies. Instead, the ranch was sold to a subsidiary of the Walt Disney World Company to use for wetland mitigation purposes in the development of its Celebration project. Disney was contacted by an officer of the Audubon Society for the purpose of advising it that the ranch was available and was suitable for mitigation purposes. That contact was not made until 18 months after termination of the commission agreement between Dreyer and the ranch owners.
After summary judgment was entered against Dreyer, the former owners of the ranch moved for attorney's fees pursuant to section 57.105, Florida Statutes (1995). The trial court granted the former owners' motion, entering two separate judgments of $21,071.06 against Dreyer and Dreyer's counsel.
*1280 Although Dreyer never had an agreement entitling him to a commission for a sale other than to the entities specified in the one written agreement, he alleged in his complaint that he was the procuring cause of sale to Disney. He alleged that it was his strategy to sell the ranch to corporate entities interested in mitigation opportunities. Even assuming as true the allegation that it was Dreyer who had the idea of selling the ranch for mitigation purposes, the complaint failed to state that Dreyer brought Disney and the sellers together, a basic prerequisite to the entitlement of a commission for the sale of real estate. A broker, to be the procuring cause, must bring the parties together and effect a sale through continuous negotiations inaugurated by him. Sheldon Greene & Assoc., Inc. v. Rosinda Investments, N.V., 475 So.2d 925 (Fla. 3d DCA 1985), rev. dismissed, 502 So.2d 421 (Fla. 1987). An exception to the procuring cause requirement exists where the broker initially introduces the seller and the buyer, and then is intentionally excluded from subsequent negotiations which culminate in a sale. Edwards v. Brandon Realty, Inc., 497 So.2d 269, 271 (Fla. 2d DCA 1986). This exception is not applicable in the instant case because there was neither evidence of, nor an allegation that, Dreyer ever introduced the former principals of the ranch to anyone affiliated with Disney. The record only establishes that Dreyer was intimately involved in the hoped-for sale to the state through the CARL program and the Trust. This plan, however, was abandoned. In sum, Dreyer clearly did nothing to bring the ranch owners together with Disney. Therefore, his lawsuit to obtain a commission lacked a justiciable issue of law or fact. In this instance, the award of attorney's fees was appropriate. See Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981) (because the suit against the defendant was completely devoid of a justiciable issue of either law or fact ... statute's mandatory provision is operative and requires an award of a reasonable attorney's fee).

MOTION FOR REHEARING
During oral arguments of this appeal, Dreyer's appellate counsel was denied the opportunity to argue on behalf of his client and he later filed a motion for rehearing before a decision was made by this court. Dreyer argues that he was entitled to participate in oral argument because he filed a brief as an appellee. Dreyer's brief, filed as a "Responsive Brief of Appellees" simply accepted in full the arguments of the appellants' lawyers. Although Florida Rule of Appellate Procedure 9.020 defines an appellee as every party other than the appellant, the committee notes to that rule observe the term appellee "has been defined to include the parties against whom relief is sought and all others necessary to the cause." 1973 Amendment to Committee Notes, Fla. R.App. P. 9.020(g). Relief is not being sought by appellant against Dreyer in this case nor is Dreyer otherwise a necessary party to the instantly appealed judgment. Perhaps Dreyer thought that a reversal of the judgment against his lawyers would also result in a reversal of the judgment against him, a judgment he chose not to appeal. We do not interpret the final order in the same manner. The final order created separate judgments against Dreyer and his former lawyer and each had independent obligations to appeal in order to protect their respective interests.
MOTION DENIED; JUDGMENT AFFIRMED.
GOSHORN and HARRIS, JJ., concur.