STONE, J.
We reverse, in part, an order awarding attorney’s fees in favor of Piper Acceptance Corporation and Avemco Insurance Company against H.T. Maloney.
Maloney represented Michael Tobin, the attorney for the plaintiff in the underlying trial court case, Plane Adds. Plane Adds recovered a judgment against Avemco, and Tobin withdrew a portion of funds that had been deposited by Avemco in the court registry. The funds were subsequently found to be due Piper, an intervenor, as a loss payee under the Avemco policy. To-bin failed to return the funds when ordered, asserting that he had turned the funds over to his client. Maloney represented Tobin during the course of the proceedings as to Tobin’s responsibility and liability involving these funds. There are two prior appeals. In the first, Tobin appealed and this court affirmed without opinion. See Tobin v. Avemco Ins. Co., 626 So.2d 226 (Fla. 4th DCA 1993).[1]
Upon prevailing in the first appeal, Avemco and Piper filed motions for attorney’s fees, pursuant to section 57.105, Florida Statutes, against Tobin. The claim was for all fees incurred in the lengthy trial court litigation. The trial court denied the fee claims against Tobin on the basis that the statute did not pro *370 vide for fees against an attorney (Tobin) where the client (Plane Adds) was innocent of wrongdoing. Consequently, Piper and Avemco appealed that ruling. This court held that under the “discrete” circumstances of this case, an attorney (Tobin) may be held liable for attorney’s fees under section 57.105, notwithstanding that the client (Plane Adds) is not hable for such fees. See Avemco Ins. Co. v. Tobin, 711 So.2d 128, 130 (Fla. 4th DCA 1998). Upon subsequent hearings on remand to determine the amount of fees and costs to be awarded to Piper and Avemco, the trial court found that Tobin was liable for one-half of the fees and costs assessed and that Maloney, as Tobin’s attorney, was liable for the other half. In doing so, the trial court stated:
The court notes that the 4th DCA ruled on the entitlement of fees and costs but Mr. Maloney and Mr. Tobin continued to unnecessarily argue the merits of their position as well as the entitlement issues. This dramatically increased the amount of fees and costs to AVEMCO and Piper Acceptance Corporation and the Court finds it appropriate to assess the additional costs. Because of these circumstances a sanction is necessary for the relitigation of claims that have already been decided and results in additional fees and costs pursuant to section 57.105, Florida Statutes.
Section 57.105(1), Florida Statutes, reads:
The court shall award a reasonable attorney’s fees to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in all civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client.
The essential issue litigated by Maloney, resulting in the last appeal, was whether an attorney, Tobin, could be held liable under section 57.105, notwithstanding that the client was not liable. There, we recognized that under the unique facts of the case, the attorney, Tobin, could be held responsible for the entire fee. In that appeal, we also granted the appellants’ motion for fees. However, neither the motion for appellate fees nor our order indicated that this court gave consideration to the fact that Tobin was represented by counsel in seeking to uphold the trial court’s ruling. It is apparent to us that the basis for granting the motion for appellate fees in that instance was the reasoning expressed in the body of the opinion, Avemco, 711 So.2d at 130, 131, for awarding 100% of the fees against Tobin and should be read in conjunction with that opinion.
We note that Maloney’s liability, if any, for trial court fees was not at issue, nor was it resolved by our prior award of appellate fees. Although we recognized in the last appeal that Tobin was liable for fees incurred as a result of his failing to return the funds, this court, in recognizing Tobin’s liability for fees under section 57.105, did not determine, nor was there a claim, that his counsel was liable for one half of those fees. We clarify that the award of appellate fees in that appeal are as to Tobin only, and not his attorney.
We also conclude that it was error to award fees against Maloney for the period of more than two years prior to April, 1992, the date of his appearance as Tobin’s attorney.
We reverse and remand for further proceedings, consistent with this opinion, on that portion of the claim against Maloney *371 for trial court attorney s fees for the time period after Ms appearance and excluding appellate attorney’s fees.
We have also considered and reject the constitutional issue raised.
POLEN, C.J., and MARRA, KENNETH, Associate Judge, concur.

. Maloney represented Tobin on that appeal. We note that one-half of the appellate fees for that appeal were assessed against the firm of Patterson & Maloney pursuant to section 57.105, Florida Statutes. These fees were paid and are not at issue here.