WARNER, J.
This is possibly the end of a long succession of appeals, spanning fourteen years, regarding an insurance claim and the trial court’s award of attorney’s fees pursuant to section 57.105, Florida Statutes (1997).[1] In this appeal, Avemco challenges the trial court’s failure to award the full amount of its attorney’s fees against the client, Tobin, after it determined that this court’s remand instructions in Maloney v. Avemco Insurance Company did not provide it the authority to do so. We reverse, concluding that the trial court had jurisdiction and should have awarded the fees against To-bin after it found that Tobin’s attorney was not liable for the fees.
The detailed facts of this case are set forth in Avemco Insurance Company v. Tobin, 711 So.2d 128 (Fla. 4th DCA 1998). After this court determined that it was appropriate to award section 57.105 attorney’s fees against Tobin and awarded attorney’s fees on appeal, the trial court entered an award of attorney’s fees equally dividing fees between Tobin and his attorney, Maloney, in accordance with the statute. This included attorney’s fees from the appeal in Tobin. Maloney appealed the order against him. Maloney v. Avemco Ins. Co., 804 So.2d 369 (Fla. 4th DCA 2001). In Maloney, we clarified our order awarding appellate fees in Tobin by saying, ‘We clarify that the award of appellate fees in that appeal are as to Tobin only, and not his attorney.” Id. at 370. We also reversed the award of trial court attorney’s fees as to Maloney. Id. at 370- *1036 71. We determined that our prior opinion in Tobin had not determined the extent of liability of Maloney, the attorney, pursuant to section 57.105. Id. at 370. We also determined that Maloney was not responsible for attorney’s fees prior to the commencement of his representation of Tobin. Id.
On remand, the trial court determined that Maloney was not responsible for any of Avemco’s trial court attorney’s fees or costs. Despite Avemco’s request to award Maloney’s share against Tobin,, the trial court rejected such an award, determining that our prior opinion in Maloney did not confer jurisdiction to award additional fees against Tobin. It also determined that because Avemco had not cross-appealed the order limiting the award of appellate fees against Tobin to fifty percent of Avemco’s fees, it had no jurisdiction to award the additional fees against him. Avemco appeals.
With respect to the ayrard of attorney’s fees on appeal, in determining an award the trial court is bound by the terms of the order of our court. It is simply carrying out the intent of the appellate court. On review of that order, while the appellate court is bound by an abuse of discretion standard in reviewing the amount of attorney’s fees awarded by the trial court, the appellate court is still construing its own order and to that extent we review the trial court’s construction of our orders on a de novo standard.
In this case, our original order in Tobin simply granted attorney’s fees on appeal without specifying against whom those fees would be 'awarded. When the trial court granted half of them against Malo-ney, who represented Tobin on appeal, Maloney appealed.[2] We then clarified our order by informing the trial court that appellate attorney’s fees were to be awarded against Tobin only. Then we reversed the order of appellate attorney’s fees against Maloney.
Our order clarifying the award of appellate attorney’s fees simply amended the original order. Thus, the trial court had authority to enter an award consistent with our clarified order, just as it had authority to enter the original award. Cf. Matthews v. First Fed. Sav. & Loan of Englewood, 571 So.2d 2 (Fla. 2d DCA 1990). Therefore, we quash the order of the trial court to the extent that it denies the full amount of Avemco’s attorney’s fees against Tobin. The trial court is directed to enter an order awarding 100% of Avem-co’s appellate fees against Tobin, in accordance with our clarified order.
As to the trial court fees, the court determined that Maloney, Tobin’s attorney, had no liability for one-half of the fees in accordance with section 57.105. Because it considered the original award of fees against Tobin final, and Avemco did not “cross-appeal” the award, it concluded it had no jurisdiction to increase the award against Tobin. Therefore, Avemco obtained an order awarding only one-half of the trial court fees.
First, Avemco was not required to “cross-appeal” against Tobin when Malo-ney appealed the award of fees against him. It did not contest the fees awarded against Tobin, because, as the losing party, Tobin was liable for Avemco’s fees. In the trial court, Avemco argued that Maloney was responsible for a fifty percent share of the fees, and succeeded in securing that award. Avemco would have taken an inconsistent position on appeal to argue that Maloney was not liable but Tobin was.
*1037 In Maloney, we reversed the order granting fees under section 57.105, because the trial court had not made a determination of Maloney’s liability under the statute. Thus, reversal of the order placed before the court the issue of liability for the fifty percent previously awarded against the attorney, permitting Maloney to show his good faith in the litigation. In its motion filed after our reversal, Avemco requested the court to award fees against Maloney but also requested the full amount to be entered against Tobin pursuant to the statute if the court did not find Maloney liable under the statute for fifty percent of the fee. We see no jurisdictional impediment to awarding the portion of attorney’s fees originally assessed to Malo-ney against Tobin. Tobin was still a party to the proceedings, as the proceedings had not terminated. He received notice of the hearings and participated in them. Section 57.105 provides that the fee shall be awarded against the losing party and the losing party’s attorney unless it finds that the losing party’s attorney was acting in good faith based upon misrepresentations of the client. The amounts awarded are several independent judgments against the attorney and the client. See Whitehead v. Dreyer, 698 So.2d 1278 (Fla. 5th DCA 1997). Where the court finds that the attorney was acting in good faith, then the attorney’s share should be awarded against the losing party.
We reverse the final judgment of the trial court and direct the trial court to enter judgment for the entire amount of Avemco’s trial attorney’s fees against To-bin.
SHAHOOD and MAY, JJ., concur.

. Avemco Ins. Co. v. Plane Adds, Inc., 555 So.2d 865 (Fla. 4th DCA 1990); Tobin v. Avemco Ins. Co., 626 So.2d 226 (Fla. 4th DCA 1993); Avemco Ins. Co. v. Tobin, 711 So.2d 128 (Fla. 4th DCA 1998); Maloney v. Avemco Ins. Co., 804 So.2d 369 (Fla. 4th DCA 2001).

. Actually, the order would normally be reviewed pursuant to Florida Rule of Appellate Procedure 9.400(c). Since it was part of an appealable order entered within thirty days of its rendition, it prejudiced no one to review it in that appeal. Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282 (Fla. 1st DCA 1997).