913 So.2d 699 (2005)
Kenny NASH, Appellant,
v.
AMR CORP., and Specialty Risk Services, Inc., Appellees.
No. 1D04-5243.
District Court of Appeal of Florida, First District.
October 18, 2005.
*700 Jonathan M. Sabghir, of Sawgrass Legal Center, P.A., North Lauderdale, for Appellant.
Robert L. Teitler and Warren Brown, of Walton Lantaff Schroeder & Carson, LLP, Miami, for Appellees.
BROWNING, J.
Kenny Nash, the claimant in these workers' compensation proceedings, appeals the November 24, 2004, Order on Attorney's Fees and Costs issued by the judge of compensation claims (JCC). Appellant asserts that the JCC abused her discretion, first, in denying the claim for certain costs relating to certified mail expenses for two petitions for benefits, postage, medical bill and record retrieval fees, and photocopying charges; and second, in reducing (to 15 hours) the amount of time found to have been expended by counsel in successfully prosecuting the claim for medical mileage reimbursement. We affirm the amount awarded for attorney's fees, reverse the denial of costs, and remand for reconsideration of the claim for costs.
In a January 2004 compensation order, the JCC granted Appellant's claim for medical mileage reimbursement and ordered Appellees, the employer/carrier (E/C), to pay Appellant $94.10. A number of Appellant's other claims either were withdrawn by the commencement of the November 2003 merits hearing or were denied by the JCC. Because Appellant prevailed on the one claim, the JCC found that Appellant's counsel was entitled to attorney's fees and costs pursuant to section 440.34, Florida Statutes (2000). Appellant's counsel filed a Verified Petition for Attorney's Fees and Costs, with exhibits. At the hearing on the verified petition, the parties agreed that a statutory attorney's fee ($18.82) on the $94.10 value of the medical mileage benefits obtained would be inadequate, and the JCC determined that an upward deviation from the statutory fee would be appropriate. Appellant's attorney contended that he had expended a total of 107.79 hours in representing Appellant, of which no less than *701 50-70% was expended securing the mileage reimbursement benefits. Accepting the substantially lower figure (15 hours) suggested by the E/C's attorney as a reasonable amount of time actually expended by Appellant's lawyer on the only successful claim, and multiplying those hours by $200.00, the figure asserted by Appellant's attorney as a reasonable hourly rate, the JCC awarded attorney's fees in the amount of $3,000.00. In his verified petition, Appellant's counsel conceded that he was unable to delineate "scientifically" or exactly which hours of the total representation had been spent on the successful claim. Appellant's own expert witness opined that a range of 35-50 hours, down from the 55.64-77.9 hours claimed by Appellant's counsel, was reasonable. At the hearing, Appellant's counsel never challenged the qualifications of Appellees' attorney or objected to Appellees' failure to present their own expert testimony on the issue of a reasonable attorney's fee. See Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla.1987). In considering the opposing attorneys' conflicting sworn testimony regarding the number of hours reasonably expended in obtaining the one successful claim for benefits, the JCC exercised her authority to resolve the conflict. See Ullman v. City of Tampa Parks Dep't, 625 So.2d 868, 872 (Fla. 1st DCA 1993) (en banc). Because competent substantial evidence in the record supports the award of 15 hours, at an hourly rate of $200.00, we find no abuse of discretion and affirm the award of attorney's fees in the amount of $3,000.00.
Appellant also sought costs. Florida Rule of Appellate Procedure 9.400(a) addresses costs and states that "[c]osts shall be taxed in favor of the prevailing party unless the court orders otherwise," and "[t]axable costs shall include ... charges for preparation of the record ... and other costs permitted by law." See also § 440.34(3), Fla. Stat. (2000) (providing for taxation against the employer of "reasonable costs of such proceedings," not including attorney's fees, where a claimant prevails in any proceeding before a JCC). Section 440.192(1), Florida Statutes (2000), calls for the service "by certified mail" of a petition for benefits by any employee who has not received a benefit to which he claims entitlement. Appellant's claim for taxable costs was sufficiently specific to allow the JCC to make a reasonable determination. See Fla. Admin. Code R. 60Q-6.124(3)(a)5. Concluding that the JCC erred in summarily denying taxable costs, we reverse that part of the final order and remand for reconsideration in light of Rule 9.400(a) and Morris v. Dollar Tree Store, 869 So.2d 704, 706-07 & n. 1 (Fla. 1st DCA 2004) (finding issue was preserved, and workers' compensation claimant was entitled to costs associated with certified mail for filing and service of two petitions for benefits for which benefits were secured).
The final order is AFFIRMED in part, REVERSED in part, and REMANDED for reconsideration of the denial of costs.
KAHN, C.J., and THOMAS, J., concur.