ON MOTION FOR REVIEW OF ORDER ON APPELLATE ATTORNEY’S FEES AND COSTS
BROWNING, J.
This ease is before us on a motion filed by counsel for the claimant, Kenny Nash, pursuant to Florida Rule of Appellate Procedure 9.400(c), for review of the judge of compensation claims’ (JCC) order on appellate attorney’s fees and costs. See Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284-85 (Fla. 1st DCA 1997) (setting out procedure under the rule governing motions for review and stating that orders setting amount of appellate attorney’s fees are reviewable on the merits *1207 under the abuse of discretion standard). Finding no abuse of discretion- in the JCC’s determination of a reasonable number of hours expended and a reasonable hourly rate to be charged by the claimant’s attorney, Mr. Sabghir, we affirm the order.
In the initial proceedings, the JCC granted the claimant’s claim for medical mileage reimbursement and ordered the employer/carrier (e/c) to pay $94.10. At the fee hearing, the parties agreed that a statutory attorney’s fee ($18.82) on the value of the medical mileage benefits obtained would be inadequate. However, the parties’ attorneys offered strikingly different opinions as to how much time was reasonably expended by the claimant’s lawyer in securing the one successful claim. The JCC accepted the substantially lower figure (15 hours) suggested by the e/c’s attorney and, multiplying the hours by an hourly rate of $200.00, awarded an attorney’s fee of $3,000.00 to the claimant’s attorney in the order of November 19, 2004. The claim for certain taxable costs was denied. In the first appeal, we found no abuse of discretion in the attorney’s fee award and affirmed it, but we reversed the JCC’s summary denial of costs and remanded for reconsideration of the issue of costs. See Nash v. AMR Corp., 913 So.2d 699 (Fla. 1st DCA 2005).
In -that original appeal,. the claimant moved for appellate attorney’s fees pursuant to section 440.34(3)(b), Florida Statutes (2000), and Florida Rule of Appellate Procedure 9.400(b). In our order dated October 18, 2005, appellate fees were granted and jurisdiction was relinquished to the lower tribunal to determine the amount thereof. In pertinent part, our order directed that “the lower tribunal should take into consideration claimant’s limited success on appeal.”
Absent any stipulation as to the amount of attorney’s fees and submission of such a stipulation to the JCC for approval, the claimant was ordered to serve, and file with the lower court, “a verified petition to determine the amount of appellate attorneys’ fees within 15 days from the date of the mandate.” The verified petition must include, inter alia, a “statement of facts relied upon, including but not limited to a detailed chronological listing of all time and corresponding services devoted to the appeal”; the usual hourly rate of the attorney performing the services, and “an opinion as to what amount or range of dollar values would constitute a reasonable hourly rate in the particular case”; “any special circumstances relevant under any of the factors set forth in Section 440.34, Florida Statutes (2003)”; a list of each issue the claimant believes was argued successfully on appeal; a list of all exhibits to be offered to support the amount of the fee award; and “[a] list of all witnesses to be called and a short statement, based on diligent investigation, of what each witness is expected to testify to.”
The next part of our order addressed the e/c:
Within 15 days after the verified petition is served, the opposing party or parties shall respond to the petition and shall include a recitation of all matters alleged in the verified petition which are disputed. If the time allegedly spent is in dispute, any party disputing the allegation of time spent shall, along with the verified response, produce a detailed chronological listing of all time devoted to the appeal by the disputing party on each entry on which there is any dispute. The respondent may also state opinions and facts as to any factor not addressed by the party filing the verified petition. In all other respects, the verified response shall be prepared in the same manner as the verified peti *1208 tion.... Review shall be in accordance with Florida Rule of Appellate Procedure 9.400(c).
Our mandate issued on November 3, 2005. Pursuant to a November 18, 2005, certificate of service, the claimant’s counsel submitted a timely verified petition for appellate attorney’s fees and costs, asserting that the claimant’s counsel had expended a total of 53.5 hours “in representation from the commencement of appellate representation upon receipt of the underlying order on November 23, 2004 until the service of the verified petition.” Attached to the petition was a chronological listing of alleged services rendered and costs expended on appeal during the period from November 23, 2004, to November 18, 2005. In the original appeal Issue One addressed the denial of taxable costs, and Issue Two dealt with the $3,000.00 award of trial attorney’s fees. The verified petition states that approximately 25% of the claimant’s attorney’s total professional effort was devoted to the research and drafting of the issue of fees, although the claimant’s attorney complained that “such an attempt at apportionment is not subject to discrete analysis.” The verified petition alleges that upon review of the statutory factors, the amount of time required to perfect the appeal is in the range of 30-40 hours. The verified petition states that the claimant’s lawyer’s usual and customary fee for appellate representation in a contingency matter is in the range of $275.00-$350.00 an hour and is reasonable under the circumstances of this case. Counsel has been practicing workers’ compensation law since 1984. The claimant’s counsel addressed the specific factors in section 440.34(l)(a)-(f), Florida Statutes (2000), for determining a fee award. The verified petition indicated that the claimant’s attorney would call lawyer Teresa Liles, of Pensacola, to testify as an expert on the issues of a reasonable hourly rate and reasonable hours expended in matters of this kind, and that the claimant was seeking the reasonable cost of presenting expert witness testimony. The verified petition lists total costs in the amount of $1,399.00.
Fifteen days from the November 18, 2005, certificate of service of the verified petition was a Saturday, December 3, 2005; December 5, 2005, was the next business day. The e/c’s response is dated December 9, 2005, which is within the five days that are to be added to the prescribed service period pursuant to Florida Rule of Appellate Procedure 9.420(d). Despite our order addressing a “verified response,” the e/c submitted an unverified response, which states in pertinent part:
The employer/carrier objects to the Verified Petition as to the amount of attorney’s fees requested. It is the position of the employer/carrier that the attorney’s fee requested in the Verified Petition is unreasonable in light of the minimal benefits that were obtained as a result of the Appeal. There were two issues raised on Appeal. The amount of the attorney’s fee awarded and the amount of costs awarded. The claimant prevailed on Appeal only on the issue of the costs. This was a dominamous [sic] benefit. Claimant’s counsel’s Verified Petition for appellate attorney’s fees does not delineate the amount of time that was spent to the two respective issues, i.e., the attorney’s fee issue and the cost issue. The employer/carrier also maintains that various of the time entries asserted by claimant’s counsel are excessive and unreasonable. Additionally, the employer/carrier maintains that the Verified Petition includes attorney time from claimant’s counsel that is not properly awardable as it is beyond the date upon which entitlement was resolved. Finally, the employer/carrier *1209 does not object to the amount of costs claimed by claimant’s counsel.
The hearing on the claimant’s verified petition for appellate attorney’s fees and costs was held on December 14, 2005. At the onset of the hearing, the parties agreed that the amount of costs to which the claimant was found entitled on remand from Nash, 913 So.2d at 699, is $436.50, which the e/c agreed to pay. Additionally, the e/c agreed to pay $1,399.00 in costs relating to the appeal. Thus, the issue of costs was resolved in the claimant’s favor without further need for discussion.
As the JCC began addressing the merits of the verified petition and the e/c’s response, counsel for the claimant objected to the admission in evidence of the response and moved to strike it on several grounds. First, the claimant’s lawyer objected to the fact that the response is not verified, contrary to our order. The e/c’s counsel, Mr. Brown, answered that the order contemplated a verified petition only, because it is the claimant who has the burden to prove a reasonable fee amount. Noting that our order refers repeatedly to a “verified response” also, the JCC expressed her willingness to accept the response as complying with the order if the e/c’s attorney would state under oath that he was adopting it.
Second, the claimant’s lawyer objected to the response, because it does not include the court-ordered “recitation of all matters alleged in the verified petition which are disputed,” including the number of hours reasonably expended and the appropriate hourly rate, and is not as detailed as the verified petition. The claimant’s attorney argued that, given the “blatant non-compliance” of the unverified response, he had not anticipated any disputed issues at the hearing, there was nothing in the response that would compel a rebuttal, and, in fact, he had decided there was no longer any need to bring an expert witness.
Third, the claimant’s counsel argued the unverified response should be stricken as untimely. Stating she was willing not to accept the response, the JCC indicated it would make little difference whether or not she accepted it, given her decision to place both attorneys under oath and to allow the e/c’s lawyer both to state his position on the record and to cross-examine the claimant’s attorney. When the claimant’s counsel renewed his objection, the JCC announced she was not going to accept the response, but would allow the e/c’s lawyer to present “whatever he needs to.” The claimant’s counsel argued that he would be prejudiced by the decision to let the e/c’s counsel testify and challenge the allegations in the verified petition. Under these circumstances, the appropriate remedy for “surprise” is a continuance, not the more drastic step of excluding evidence. See Carib Ocean Shipping, Inc. v. Armas, 854 So.2d 234, 236-37 n. 2 (Fla. 3d DCA 2003) (stating that “any prejudice which may be deemed to have existed ordinarily should be remedied, not by denial of the amendment, but by a continuance”); Batista v. Walter & Bernstein, P.A., 378 So.2d 1321, 1323 (Fla. 3d DCA 1980) (stating that by failing to move for continuance on ground they were surprised by admission of evidence and trial of case on alleged change in theory not reflected in plaintiffs complaint, plaintiffs were precluded from contending on appeal that they had been prejudiced by trial court’s rulings); Seaboard Air Line R.R. Co. v. Cain, 175 So.2d 561, 563 (Fla. 3d DCA 1965). Significantly, the claimant’s counsel did not request a continuance to mitigate the alleged surprise in the JCC’s allowing the e/e’s lawyer to testify or to allow counsel time to arrange for an expert witness to testify.
*1210 Subject to these conditions, the claimant’s attorney testified in his own behalf on the issue of the amount of appellate attorney’s fees. Next, the e/c’s counsel was allowed to cross-examine the claimant’s counsel. Afterwards, the e/c’s counsel was permitted to testify in response to the allegations in the verified petition. Finally, the claimant’s lawyer cross-examined the e/c’s lawyer. Both attorneys were allowed to present closing remarks.
The verified petition states that the claimant’s counsel expended a total of 53.5 hours in prosecuting the appeal, approximately 75% of which (or 40.1 hours) were related to the successful claim for costs. The e/c’s counsel testified that although he believed 44-45 hours is a reasonable time for the claimant’s appeal, it is unreasonable to assume that the claimant’s attorney had spent 75% of his time on the issue of costs (in the amount of $436.50) and only 25% on the issue of trial attorney’s fees ($3,000.00). In fact, the e/c’s lawyer suggested that the converse is probably more accurate. On that reasoning, the e/c’s counsel asserted that the 44-1/2 hours should be multiplied by the alleged 25% time reasonably expended by the claimant’s attorney on the successful issue of costs, for a total of 11.125 hours. The verified petition states that the claimant’s counsel’s usual and customary fee for appellate representation in such circumstances is in the range of $275.00-$300.00 an hour. On the other hand, the e/c’s lawyer suggested that $250.00 would be a reasonable hourly fee.
In the March 10, 2006, Order on Appellate Attorney’s Fees and Costs, the JCC accepted the testimony of the e/c’s counsel, in part, and the testimony of the claimant’s counsel, in part. Specifically, the JCC awarded the claimant’s attorney 11.125 hours at an hourly rate of $300.00, for a total of $3,337.50. In other words, the JCC accepted the e/c’s lawyer’s opinion that the claimant’s counsel had reasonably expended only 25% of his time on the successful appellate issue of costs, but the JCC accepted the high end of the claimant’s counsel’s range for a reasonable hourly fee. Costs, to which the parties already had stipulated and which the e/c agreed to pay to the claimant, were not argued at the evidentiary hearing and, accordingly, are not mentioned in the adjudicatory language in the JCC’s order. This second appeal ensued.
Although we review the amount of appellate attorney’s fees awarded by the JCC for an abuse of discretion, we exercise de novo review of the JCC’s construction of the requirements and meaning of our order finding the claimant entitled to appellate attorney’s fees. See Avemco Ins. Co. v. Tobin, 886 So.2d 1034, 1036 (Fla. 4th DCA 2004); Pellar, 687 So.2d at 284-85. In his first issue on appeal, the claimant contends that the JCC abused her discretion in failing to order the e/c to pay the claimant’s costs incurred in perfecting this appeal. The e/c correctly respond that this is not an issue. By stipulation, it was agreed that the e/c would pay the claimant’s costs, and the JCC acknowledged and accepted this agreement orally at the fee hearing and in the text of the challenged order. This being the case, the JCC had no need to adjudicate the issue of costs in the fee order.
In his second issue, the claimant contends that the JCC abused her discretion and materially prejudiced the claimant’s counsel by allowing the e/c to submit an untimely, materially non-eompliant, unverified response and by letting the e/c’s counsel testify at the evidentiary hearing. The record demonstrates that the response was timely submitted according to the timetable set forth in our order and in Florida Rule of Appellate Procedure *1211 9.420(d). The JCC cured any deficiency arising from the unverified status of the e/c’s response by refusing to accept it and by placing the e/c’s attorney under oath before allowing him to respond to the allegations in the verified petition. The claimant’s counsel was afforded an ample opportunity to cross-examine the e/c’s attorney. Although the claimant correctly notes that the response is not nearly as detailed as the verified petition, we conclude that the response is specific enough to have put the claimant’s counsel on notice regarding the key points in the verified petition with which the e/c disagreed. The record demonstrates that the claimant’s counsel was not prejudiced by the response. In fact, even without an expert witness, the claimant’s counsel ably supported his position to the extent that the issues and circumstances of the first appeal would allow it. The claimant’s counsel should not be heard to complain regarding the e/c’s questioning the respective percentages of his time reasonably expended on the successful issue of costs and the unsuccessful issue of trial attorney’s fees in the first appeal. The chronological listing of services rendered, attached to the verified petition, did not clearly delineate these percentages. In fact, the claimant’s counsel complained that his particular method of preparing for an appeal does not lend itself to an easy division of labor between different issues.
The exclusion of evidence is “a drastic remedy which should pertain in only the most compelling circumstances,” and only where the court has made “a case-specific determination as to whether admission of the evidence would result in actual procedural prejudice to the objecting party.” Med. Logistics, Inc. v. Marchines, 911 So.2d 823, 824 (Fla. 1st DCA 2005); see Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981). No such procedural prejudice of the claimant’s counsel was found by the JCC, and the record discloses none. The claimant’s counsel could, and should, have requested a continuance to alleviate any problems of surprise, but failed to do so. See Batista, 378 So.2d at 1323. Finding that the JCC reasonably construed our order awarding appellate attorney’s fees and did not abuse her discretion in allowing both parties to present their positions on the fee issue, we AFFIRM the order on fees and costs.
KAHN, C.J., and THOMAS, J., concur.