711 So.2d 128 (1998)
AVEMCO INSURANCE COMPANY, a Maryland Insurance Company, and Piper Acceptance Corporation, Appellants,
v.
Michael TOBIN, Franklyn Levenson, and Plane Adds, Inc., d/b/a Kittyhawk Flight School, Appellees.
Nos. 96-0029, 96-0050.
District Court of Appeal of Florida, Fourth District.
April 29, 1998.
Rehearing Denied June 25, 1998.
*129 Cecile Hatfield of The Law Office of Cecile Hatfield, Miami, for Appellant Avemco Ins. Co.
Kevin C. Knowlton and Abel A. Putnam of Peterson & Myers, P.A., Lakeland, for Appellant Piper Acceptance Corp.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for Appellees Tobin and Levenson.
FARMER, Judge.
The discrete issue raised on this appeal is whether a lawyer can be held liable for attorney's fees under section 57.105 for maintaining a frivolous, bad faith position in a civil case, where the lawyer's client in the action is not also held liable for such fees. Under the circumstances of this case, we hold that the lawyer could be made solely liable for fees incurred by adverse parties arising from frivolous positions taken by the lawyer on his own behalf.
Avemco Insurance (carrier) insured a plane owned by Doug Betters (owner) and leased to a corporation called Plane Adds (insured). Piper Acceptance (lienholder) held a perfected lien on it. When the aircraft crashed and was lost, the carrier denied coverage. Michael Tobin was the attorney for the insured who filed suit for coverage and damages. The trial court found coverage and entered judgment for the insured. We affirmed in Avemco Ins. Co. v. Plane Adds, Inc., 555 So.2d 865 (Fla. 4th DCA 1990).
The owner moved to intervene, but his motion was denied. Upon the entry of judgment, the carrier moved to deposit the judgment proceeds of $48,215 into the court registry, which the court granted. Tobin then served notice to the carrier and, pursuant to a court order, withdrew $15,792 as the insured's portion of the judgment. It turns out, however, that Tobin kept these proceeds for his legal fees without his client's knowledge.
Tobin later moved ex parteand specifically without notice to the carrier or the lienholder (who was not yet a party)to have the remaining funds in the court registry released to his client, the insured. Tobin's motion represented that the insured was the sole judgment creditor, noting that the owner's motion to intervene had been denied. Faced with no opposition, the trial court granted Tobin's motion. Shortly thereafter, the carrier filed an emergency motion to have the order vacated and the funds returned. Although Tobin knew that a hearing had been scheduled for the very next day, he turned the funds over to his client, the insured.
At a hearing on the motion nearly two months afterwards, the trial court vacated the order and directed the insured and Tobin to return the funds.[1] The trial court found that under the insurance policy the judgment proceeds legally and rightfully belonged to the lienholder. The judge confirmed that determination some six weeks later on a motion for rehearing.
Several months later, the lienholder was finally permitted to intervene. At that same time, the trial court issued an order holding the insured in contempt for not returning the money, but declined to hold Tobin and his associate in contempt. The court apparently felt it did not have enough evidence to know whether Tobin had control over the insured, as Tobin testified he had ceased to be the insured's attorney after he released the funds to the insured. A final judgment for *130 the lienholder was ultimately entered, in which the insured, Tobin and his associate were all found jointly and severally responsible and were again ordered to return the funds. We affirmed that final judgment. Tobin v. Avemco Ins. Co., 626 So.2d 226 (Fla. 4th DCA 1993). Tobin ultimately returned the funds.[2]
The lienholder and carrier ultimately filed motions for attorney's fees under section 57.105.[3] After two hearings, the trial court issued an order finding that Tobin had caused extensive litigation by refusing to return the funds when first ordered to do so, and that his position in the litigation lacked any legal merit and was frivolous. Because the insured had no knowledge of Tobin's actions, however, or even that the funds had been ordered returned, the trial court ruled that attorney's fees could not be awarded under section 57.105 against the client. The court then reasoned that this statute does not provide for fees solely against an attorney without coincident liability by the client. Consequently the court denied any award of fees against the lawyers. The lienholder and carrier have appealed the ruling and Tobin and his associate have cross appealed.
We begin with the pertinent text of section 57.105, which states that "[t]he court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney...." [emphasis supplied.] This provision obviously authorizes joint awards of fees against both the client and the lawyer. The purpose here is to make a client who authorizes and encourages his lawyers to make a frivolous claim or defense share in the resulting liability for fees.
In this case, however, the trial court faced a circumstance where the lawyers alone maintained the frivolous position in the litigation, without the knowledge or acquiescence by their client. Under this circumstance, we agree that the client should not be liable for the consequent fees. On the other hand, we do not agree that the client's exoneration has the effect of insulating the lawyer from section 57.105 liability.
The term "party" in this statute can be one of shifting meaning, depending on the context. An attorney representing a client in pending litigation can certainly become a "party" by asserting or defending the attorney's own personal interests in that litigation, as for example by bringing the attorney's personal claim for a charging lien against a recovery in the litigation. That is especially so when the attorney seeks to take proceeds in a court registry for compensation allegedly due the attorney from the client. And that is precisely what Tobin and his associate did here.
The mere fact that they were not formal parties in the original coverage case does not mean that they could never become parties in a later collateral proceeding within the same action. They caused the initial proceeds in the court registry to be released and thence paid over to themselves. In causing the remaining funds in the court registry to be given over to their client, they sought to impair or defeat the claims of other parties to those funds. When they were later commanded personally to restore those funds to the court registry by a direct order of the court, they responded by attempting to avoid the order on various grounds, all found to be frivolous. Hence they made themselves a "party" to the attempts of the lienholder and carrier to have the funds restored to the court registry.
Having so made themselves parties, they came under the statutory term "party" in section 57.105(1) by their own conduct and *131 were thus properly liable for fees even though their nominal client in the litigation was not itself liable for such fees. Cf. Horticultural Enterprises v. Plantas Decorativas, LTDA, 623 So.2d 821 (Fla. 5th DCA 1993) (prevailing party not obligated to make law firm, that had previously withdrawn, a formal party in order to make law firm liable for fees under § 57.105). To construe the statute as they now contend would elevate a misreading of form over the force of substance.
We take note of our decision in Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996), where we held that section 57.105(1) "does not authorize attorney's fees for filing a frivolous motion where the underlying action or defense is not frivolous." 666 So.2d at 1046. The circumstances in Patsy are distinguishable. In this case Tobin raised a frivolous defense in a collateral proceeding seeking the return of money to the court registry after the court had directed him to do so. His defense to the order was frivolous in its entirety, rather than in merely filing a single frivolous motion as part of an otherwise overall nonfrivolous defense.
REVERSED.
STEVENSON, J., and ANGELOS, CYNTHIA G., Associate Judge, concur.
NOTES
[1] The court also included an associate of Tobin's law office in the order directing a return of the funds.
[2] The Florida Bar brought a disciplinary action against Tobin, and his license was suspended for 45 days because of his failure to inform the court of all material facts during the ex parte proceeding, his failure to maintain the disputed funds in trust, and his refusal to comply with the court orders until he was held in contempt. The Florida Bar v. Tobin, 674 So.2d 127 (Fla.1996).
[3] See § 57.105(1), Fla. Stat. (1997) ("The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.").