PER CURIAM.
Charles Neustein appeals, a final judgment assessing attorney’s fees against him under subsection 57.105(1), Florida Statutes (2001). We affirm in part and reverse in part.
Mr. Neustein, acting as attorney for Seawinds Healthcare Services, L.L.C., ob *1055 tained an ex parte temporary injunction against Miami Shores Village. Subsequently, Mr. Neustein filed a voluntary dismissal on behalf of the plaintiff. The trial court found that the Village was entitled to attorney’s fees under subsection 57.105(1), Florida Statutes. The court determined that a reasonable attorney’s fee for the Village was $11,500 which was assessed jointly and severally against Mr. Neustein and Mohammed Ibrahim, the President of Seawinds. Mr. Neustein has appealed the judgment entered against him.[1]
We affirm on the issue of entitlement. The voluntary dismissal did not oust the trial court of jurisdiction to entertain the subsection 57.105(1) motion. See Fla. R. Civ. P. 1.525(2001); Ganz v. HZJ, Inc., 605 So.2d 871 (Fla.1992). We reject the remaining challenges on the issue of entitlement on authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979), and Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001).
We reverse on the amount, and remand with directions to reduce the amount of the judgment to fifty percent of $11,500. In an ordinary award of 57.105(1) fees, “the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney....” § 57.105(1), Fla. Stat. (2001) (emphasis added).[2]
The Village points out that in Visoly v. Security Pacific Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000), this court described a “party” under this statute as including “any person who participates in litigation regardless of whether or not actually named in the pleadings.” Id. at 488. The cited language does not support the Village here. The question under consideration in that part of the Visoly opinion was whether attorney’s fees could be assessed against the Visolys individually, who had controlled and actively participated in the litigation, but were not formally named as parties. This court concluded that under the circumstances of that case, attorney’s fees should be assessed against the Visolys. That part of Visoly does not support the proposition that by acting as counsel, an attorney necessarily becomes a “party” for purposes of subsection 57.105(1).
The Village argues that the award should be upheld on authority of Avemco Insurance Co. v. Tobin, 711 So.2d 128 (Fla. 4th DCA 1998), but that case is distinguishable. In Avemco the attorney acted without the knowledge of his client to obtain release of certain funds from the court registry, despite counsel’s knowledge of an adverse claim. Counsel kept some of the funds as legal fees. The Fourth District concluded that under the facts there presented, “[a]n attorney representing a client in pending litigation can certainly become a ‘party’ by asserting or defending the attorney’s own personal interest in that litigation....” Id. at 130. No such facts are present in the case now before us.[3]
*1056 For the stated reasons, we affirm in part, reverse in part, and remand for reduction of the amount of the judgment.

. The judgment against Ibrahim is not at issue on this appeal.

. There is an exception, not applicable here, where the losing party’s attorney "has acted in good faith, based on the representations of his or her client as to the existence of those material facts.” Id. That exception is not applicable here.

.In the rare case in which it is appropriate to assess the entire attorney’s fee of one side against the opposing side's counsel, the more appropriate framework for analysis would now appear to be the Florida Supreme Court's recent decisions in Moakley v. Smallwood, 826 So.2d 221 (Fla.2002), and Diaz v. Diaz, 826 So.2d 229 (Fla.2002).