THOMAS, J.
 

 Petitioner seeks certiorari review of an order denying a motion to disqualify the presiding Judge of Compensation Claims (JCC). We treat the petition as seeking a writ of prohibition.
 
 See
 
 Fla. R.App. P. 9.040(c). Because the motion was not “sworn to by the party by signing the motion under oath or by a separate affidavit,” the JCC properly denied it.
 
 See
 
 Fla. Admin. Code R. 60Q-6.126; Fla. R. Jud. Admin 2.330(c)(3);
 
 Wal-Mart Stores, Inc. v. Carter,
 
 768 So.2d 21, 22 (Fla. 1st DCA 2000). Accordingly, we deny the petition for writ of prohibition.
 

 Upon the untimely filing of a reply brief, this court issued an order to show cause as to why it should not, sua
 
 sponte,
 
 impose attorney’s fees against Petitioner and Petitioner’s attorney pursuant to section 57.105(l)(b), Florida Statutes (2008), because it appeared that the petition and briefs reflected a lack of knowledge of the rules of appellate procedure and case law, and failed to provide relevant information for this court’s review of the petition. The show cause order listed seven separate issues raised by Petitioner’s pleadings for which this court sought explanation as to why fees should not be imposed pursuant to section 57.105.
 

 In his response, Petitioner’s attorney failed to directly address any of the issues raised. Most significantly, there was no explanation as to why Petitioner never requested under oath that the JCC be disqualified, nor how Petitioner was prejudiced by his attorney not being permitted to participate in a telephone conference when it had been rescheduled so that he could participate. There was also no explanation for Petitioner seeking relief in the form of a blanket disqualification of the JCC in that the Florida Supreme Court has made clear that such requests will not be granted.
 
 See Livingston v. State,
 
 441 So.2d 1083, 1085 (Fla.1983) (reiterating that “a lawyer’s request for a general disqualification of a judge will not be granted”). Further, Petitioner’s attorney advises that the case below has now been settled in its entirety, yet he continues to require this court to address his petition.
 

 Because Petitioner’s attorney’s reply to this court’s show cause order was wholly unresponsive, attorney’s fees pursuant to section 57.105, Florida Statutes (2008), are hereby imposed against Petitioner’s attorney and Petitioner. Although we would prefer to exclude Petitioner from this sanction, section 57.105 does not authorize this court to fashion such a remedy. This cause is remanded to the JCC to determine a reasonable fee and whether Petitioner should be accorded an opportunity to obtain conflict-free counsel.
 

 
 *1172
 
 PETITION DENIED; REMANDED with instructions consistent with this opinion.
 

 BENTON and CLARK, JJ., concur.