PER CURIAM.
Brian Korte and Brian K. Korte, P.L. (“Korte”), defense counsel in a mortgage foreclosure action, appeal the trial court’s decision to sanction them pursuant to sections 57.105(l)(a) and (3), Florida Statutes (2008), for filing affirmative defenses which the trial court found were not supported by the material facts and were filed primarily for the purpose of unreasonable delay. We affirm.
This case concerns the applicability of section 57.105, Florida Statutes (2008), to sanction counsel who interposed frivolous defenses to a mortgage foreclosure action for the primary purpose of unreasonable delay. “[S]ection 57.105 provides the basis for sanctions against parties and counsel who assert frivolous claims or defenses or pursue litigation for the purpose of unreasonable delay.” Bionetics Corp. v. Kenniasty, — So.3d -, 2011 WL 446205 (Fla.2011). Here, we affirm that section 57.105 is applicable in mortgage foreclosure actions to sanction defendants and/or their counsel for asserting defenses which they know or should know are not supported by the material facts of the case, but are nonetheless asserted for the primary purpose of delaying the entry of a final judgment. Furthermore, those who assert such knowingly unsupportable defenses may find themselves liable not just for a portion of the opposing party’s attorney’s fees, but also for other losses that a trial court finds resulted from the improper delay.
Korte represented Monique Rivero and Dinorah Brandon (the “borrowers”), the defendants below, in a foreclosure action brought by U.S. Bank, N.A. In March 2008, U.S. Bank filed a complaint for foreclosure against the borrowers. Korte, on behalf of the borrowers, answered the complaint and asserted several affirmative defenses alleging that U.S. Bank did not provide the borrowers with certain documentation and disclosures in violation of the Federal Truth in Lending Act (“TILA”).
On November 5, 2008, U.S. Bank served Korte (as counsel of record for the borrowers) with a motion for sanctions pursuant to section 57.105, Florida Statutes. In its motion, U.S. Bank alleged that the bor *136 rowers’ claims were “knowingly false and frivolous.” U.S. Bank also attached loan documents signed by the borrowers that contained the disclosures and notices required under TILA. After Korte did not withdraw the affirmative defenses during the twenty-one day safe harbor period, U.S. Bank filed its motion for sanctions with the trial court on December 2, 2008. Prior to any hearing on U.S. Bank’s section 57.105 motion, Korte moved to withdraw from the case and his motion was granted in February 2009.
U.S. Bank’s section 57.105 motion was heard in two phases. In April 2009, the trial court heard argument on the issue of U.S. Bank’s entitlement to its attorney’s fees and delay damages. Although the hearing was properly noticed, Korte did not appear at that hearing or file anything on his own behalf.
At the hearing, U.S. Bank presented deposition testimony from Korte and Ms. Rivero (one of the borrowers). In his deposition, Korte admitted that after he received the section 57.105 motion, he did “nothing” to verify the validity of the affirmative defenses. Ms. Rivero testified in her deposition that she had never seen the affirmative defenses that Korte had filed on her behalf, that she had never received a copy of them, and that Korte had never discussed them with her. Ms. Rivero also testified that she was never made aware that a section 57.105 motion had been filed. Ms. Rivero also acknowledged that she had in fact received the documents which the affirmative defenses allege she did not receive.
Subsequently, the trial court issued an order determining that U.S. Bank was entitled to sanctions pursuant to section 57.105 because it had met its burden of establishing that “the defenses asserted by defendants, through their former counsel Brian Korte, were frivolous and not supported by the material facts necessary to establish the defenses, and they were filed primarily for the purpose of unreasonable delay.” The trial court further found that Korte “was not acting in good faith based on representations of his clients” as Korte had never consulted with them before filing the affirmative defenses.
As a non-monetary sanction, the trial court struck the affirmative defenses but permitted the borrowers’ new counsel to re-plead other affirmative defenses. The trial court further ruled that “[a]s a monetary sanction, the Court finds that plaintiff is entitled to recover its attorney’s fees, as permitted by section 57.105(1), as well as other amounts resulting from improper delay, as permitted by section 57.105(3).”
In June 2009, the trial court heard evidence on the amount of monetary sanctions. At this first of two hearings, U.S. Bank explained that it sought as “delay damages” the amount of interest that accrued on the borrowers’ note from the day the affirmative defenses were filed and asserted until the day they were stricken. The bank requested $18,682.99 in interest that accrued on the note over a period of 357 days. To support its request, U.S. Bank moved the trial court to take judicial notice of the London Interbank Offered Rate (“LIBOR”) during the applicable period.[1] The trial court granted this request. U.S. Bank also entered into evidence the promissory note at issue and the *137 deposition testimony of Ms. Rivero stating that she did not dispute the principal balance due. Michael Winston, an attorney representing U.S. Bank, then took an oath and testified regarding the attorney’s fees and costs caused by Korte’s filing the unsupported affirmative defenses.
While still under oath at a second hearing in September 2009, Mr. Winston testified that the bank’s goal was to keep the borrowers in their house, but that U.S. Bank could not negotiate with them while the frivolous affirmative defenses were still pending. The attorney testified that the bank was now in negotiations with the borrowers, and this was the reason that the bank had not moved for summary judgment since the defenses were stricken five months earlier.
In October 2009, the trial court issued its order awarding monetary sanctions pursuant to section 57.105. The order awarded U.S. Bank costs and attorney’s fees in the amount of $20,563.59. The order also awarded $18,682.99 in delay damages. The trial court ordered that the delay damages “shall be immediately paid into the Registry of the Clerk of the Court pending further order of the Court as to its application to fund settlement of the instant foreclosure action, reinstatement of the mortgage, redemption by Defendants, to pay any deficiency that may arise, or as the Court may otherwise direct.” The trial court also granted the borrowers’ motion seeking to have the damages paid solely by Korte based on the inequitable conduct doctrine.[2]
Korte does not appeal the award of attorney’s fees and costs imposed by the trial court. Nor does Korte appeal the trial court’s finding that under the inequitable conduct doctrine, Korte is responsible for the full amount of attorney’s fees as opposed to a fifty-fifty split with the borrowers as would normally be required under section 57.105(1). Korte’s appeal is limited to the $18,682.99 in delay damages that the trial court awarded.
Thus, we limit our review to whether the trial court abused its discretion in determining the amount of damages (in addition to its attorney’s fees and costs) that U.S. Bank suffered as a result of Korte’s assertion of baseless affirmative defenses. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 573 (Fla.2005) (“A lower court’s decision to impose sanctions is reviewed under an abuse of discretion standard.”).
Korte first argues that the trial court’s order lacked “the requisite specificity for an award of sanctions” as required by Moakley v. Smallwood. 826 So.2d 221, 227 (Fla.2002) (holding that a trial court’s exercise of its inherent authority to assess attorney’s fees against an attorney for bad faith conduct must be supported by detailed factual findings and thus “a finding of bad faith conduct must be predicated on a high degree of specificity in the factual findings”).
Korte’s argument lacks merit for two reasons. First, the trial court awarded sanctions pursuant to section 57.105 and not based on its inherent authority. After a full evidentiary hearing the trial court made an express finding that the affirmative defenses were frivolous and that Korte was not acting in good faith based upon *138 the representation of his clients. See Ferdie v. Isaacson, 8 So.3d 1246, 1250 (Fla. 4th DCA 2009). Second, even if the trial court’s sanctions were based on its inherent authority, the order in this case met the Moakley requirement of specificity. The trial court’s order determining U.S. Bank’s entitlement to sanctions included the following findings:
The Court further finds that Mr. Korte was not acting in good faith based on representations of his clients since, as to Ms. Rivero, the record before the Court established that Mr. Korte never spoke with her. The record before the Court further established that Mr. Korte made no effort to review the documentation provided by Ms. Brandon which documentation was claimed to be the sole support for the defenses raised. Finally, as to both Ms. Rivero and Ms. Brandon, the records before the Court established that Mr. Korte never provided either with a copy of the defenses that he filed on their behalf and that upon receipt of the section 57.105 motion filed in this case, Mr. Korte made no efforts to verify with them the accuracy or veracity of the facts asserted in support of the defenses.
These factual findings are sufficient in this case to describe “the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees.” See Moakley, 826 So.2d at 227; cf. Finol v. Finol, 912 So.2d 627 (Fla. 4th DCA 2005) (reversing an award of sanctions based on the trial court’s inherent authority because the proceedings and order were inadequate to support the sanctions imposed).
Korte next argues that the trial court’s findings with regard to the amount of “delay damages” are not supported by competent substantial evidence as the findings were based solely on the unsworn testimony of U.S. Bank’s counsel. See Brown v. Sch. Bd. of Palm Beach Cnty., 855 So.2d 1267, 1269-70 (Fla. 4th DCA 2003) (“[An attorney’s] unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations .... ” (quoting Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982))).
In this ease, however, the trial court based its findings on evidence that was presented at the evidentiary hearings including the sworn statements from an attorney for U.S. Bank. U.S. Bank entered into evidence the promissory note showing that the interest rate on the variable-rate loan was based on LIBOR. Also entered into evidence was the deposition testimony of Ms. Rivero stating that she did not dispute the principal balance due. After proper motion and notice, the trial court took judicial notice of the LIBOR rate during the applicable time period. Mr. Winston, an attorney representing U.S. Bank, testified under oath at the evidentia-ry hearing regarding why the bank was delayed in prosecuting its foreclosure action while the affirmative defenses were pending. Based on this evidence, the interest which accrued on the note during the period in which the affirmative defenses were before the court was a simple mathematical calculation. Thus, there was competent, substantial evidence to support the trial court’s findings with regard to the amount of delay damages in this case.
Finally, Korte argues that the trial court abused its discretion in awarding the accrued interest as delay damages because U.S. Bank is not yet entitled to any such interest. There is still the possibility that U.S. Bank might not prevail in the pending foreclosure action, and if U.S. Bank ultimately loses, it would not be entitled to any accrued interest. Even if U.S. Bank were to succeed in its foreclosure action, a forced sale of the secured property could *139 theoretically result in a price sufficient to cover the principal note balance as well as all accrued interest, and fees associated with the foreclosure. Again, in such a case, U.S. Bank would not have suffered any “delay damages.”
The trial court, however, avoided this potential windfall by requiring that the “delay damage” amount be paid into the court’s registry pending further order of the trial court. Since the funds were still in the court registry at the time the appeal was filed, we cannot review on this appeal what the trial court ultimately does with the funds.
In summary, we find that the trial court did not abuse its discretion in granting U.S. Bank’s motion for attorney’s fees and delay damages under section 57.105(l)(a) and (3). Accordingly, we affirm the trial court’s order requiring Korte to pay $18,682.99 into the court registry as damages to U.S. Bank caused by Korte’s improper delay of the foreclosure proceedings.

Affirmed.

GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.

. The loan at issue in the foreclosure action was a variable rate loan in which the interest rate was based on a contractual amount above LIBOR. U.S. Bank filed a notice of its intent to take judicial notice prior to the June hearing. Also prior to that hearing, U.S. Bank filed an "analysis of damages” containing mathematical calculations of the interest that accrued on the note from the date the answer was filed until the affirmed defenses were stricken.

. "The inequitable conduct doctrine permits the award of attorney’s fees where one party has exhibited egregious conduct or acted in bad faith.... [T]his doctrine is rarely applicable. It is reserved for those extreme cases where a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998) (citations and internal quotation marks omitted). In Rosenberg v. Gaballa, 1 So.3d 1149 (Fla. 4th DCA 2009), we held that the "inequitable conduct doctrine” was not rendered obsolete by the 1999 amendments to section 57.105. Id. at 1150.