TAYLOR, J.
The issue in this appeal is whether section 57.105(1), Florida Statutes, authorizes an attorney’s fee award solely against a party’s attorney when the case against the attorney’s client has been voluntarily dismissed as a result of settlement negotiations, and the claim for attorney’s fees against the client has been waived. We hold that the statute does not authorize the award of fees solely against the attorney under these circumstances.
Ralph Sexton and Ranch Management Consultants, Inc. appeal the final order of an administrative law judge that denied their motion for attorney’s fees against appellee, Attorney Johnathan A. Ferguson. The underlying dispute arose when appellants petitioned the governing board of the St. Johns River Water Management District (the “District”) for a formal administrative hearing after the District issued a consumptive use permit to Wild Turkey Estates of Vero, LLC (“Wild Turkey”). The permit allowed Wild Turkey to de-water a sand mine located adjacent to the petitioners’ cattle ranch operation. Appellants objected that their ranch would be adversely impacted by the proposed dewa-tering on Wild Turkey’s property; it would impact the surface and groundwater levels on their ranch property. Appellants asserted that the District’s decision to issue the permit violated Florida’s statutes, violated Florida’s administrative code, and that it was contrary to public policy. They requested that the matter be referred to the Division of Administrative Hearings for a formal hearing and that the Board ultimately reverse its decision and deny Wild Turkey’s permit.
Wild Turkey’s counsel, Mr. Ferguson, filed a motion for attorney’s fees under section 57.105(1), Florida Statutes (2010), alleging that Wild Turkey was entitled to fees because appellants “knew or should have known their claims made in the Petition” were not supported by material facts necessary to establish the claims alleged in the petition. In response, appellants filed their own motion for attorney’s fees and requested that Attorney Ferguson and Wild Turkey each be held equally liable to pay the fees incurred in defending against Wild Turkey’s motion for attorney’s fees, based upon their petition for an administrative hearing.
Appellants asserted that Wild Turkey’s attorney had no basis for claiming that appellants filed a petition based on unsubstantiated facts. In support, appellants pointed out that on the same day that Ferguson filed his motion for attorney’s fees, he also filed his first discovery request — a request for production.
*53 Appellants moved the administrative law judge (ALJ) for a summary final order denying Wild Turkey’s motion for section 57.105 attorney’s fees. They argued that their petition for an administrative hearing was supported by the facts, as it “was based upon technical review and expert opinions of a licensed professional geologist with three decades of experience in matters relevant to the water resource issues identified in the petition.” In addition, appellants argued that Wild Turkey’s motion for attorney’s fees “was a blatant attempt to intimidate Petitioners into withdrawing their petition.”
Before the time expired for filing a response to appellants’ motion for summary final order, Ferguson withdrew as Wild Turkey’s attorney. After Ferguson’s withdrawal, neither Wild Turkey nor its successor counsel ever responded to appellants’ motion for summary final order.
Soon after Ferguson withdrew from the matter, appellants and Wild Turkey negotiated a settlement to resolve all disputes between the parties. As a result of these negotiations, appellants filed a Notice of Voluntary Dismissal with Prejudice. They not only dismissed their request for an administrative hearing, but notified the ALJ of their withdrawal of their pending motion for attorney’s fees against Wild Turkey. The withdrawal specifically stated that, “Petitioners also give notice of withdrawal of Petitioners’ pending motion for attorney’s fees as to Respondent, Wild Turkey Estates of Vero Beach, LLC.” As appellants concede on appeal, “the notice of voluntary dismissal waived [appellants’] claim for attorney’s fees against Wild Turkey.” However, appellants argue that their withdrawal of their motion for attorney’s fees did not apply to releasing Wild Turkey’s prior attorney, Ferguson, from liability for fees.
The Notice of Voluntary Dismissal also requested that the ALJ retain jurisdiction to rule on appellants’ Motion for Summary Final Order, along with their motion for attorney’s fees against Ferguson. The ruling on the motion for summary final order was a condition precedent to appellants’ motion for attorney’s fees. As the ALJ noted in its final order, “If Petitioners prevail on the Motion for Summary Final Order, Petitioners will be the prevailing party on Wild Turkey’s motion for attorney’s fees and Wild Turkey will be the losing party, thus fulfilling a condition for an award of Section 57.105 fees.” Appellants requested that the ALJ review their request for attorney’s fees related to their costs for defending the motion filed by Ferguson.
In May 2010 the ALJ entered an order that relinquished jurisdiction over the petition and, as requested by appellants, retained jurisdiction over the Motion for Summary Final Order and Petitioners’ motion for attorney’s fees against Ferguson. Ferguson filed a response, opposing appellants’ request for a ruling on the Motion for Summary Final Order and for a hearing on his liability for attorney’s fees. Whereupon, the ALJ ordered both parties to file a memorandum of law on whether he could award fees solely against Ferguson under section 57.105(1) without also finding Wild Turkey similarly liable, as the “the statute calls for attorney’s fees to be borne equally by a ‘losing party’ and the losing party’s attorney.”
After reviewing both Ferguson’s and appellants’ memoranda, the ALJ denied appellants’ motion for summary final order on the ground that their attorney’s fees motion was “moot,” and subsequently denied their request for a hearing on Ferguson’s liability for fees. The ALJ held that because appellants withdrew their motion for attorney’s fees against Wild Turkey, they no longer had a claim against Fergu *54 son for filing a baseless attorney’s fees motion. This appeal ensued.
Appellants concede that they waived their claims against Wild Turkey for attorney’s fees through their voluntary dismissal; they contend, however, that they did not waive their claim for fees against Wild Turkey’s past attorney, Ferguson. Appellants argue that the ALJ misinterpreted section 57.105(1) as not authorizing fees solely against an attorney if the attorney’s client is not also held liable for such fees.
The plain language of section 57.105(1) is clear and unambiguous; it does not authorize attorney’s fees to be awarded solely against a party’s attorney. Specifically, section 57.105(1), Florida Statutes, provides:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim ... or
(b) Would not be supported by the application of then-existing law to those material facts.
§ 57.105, Fla. Stat. (2010) (emphasis added).
A plain reading of the statute does not support an attorney’s fee award solely against a party’s attorney where, as here, the case against the attorney’s client had been dismissed and the claim for attorney’s fees against the attorney’s client has been waived. Section 57.105 authorizes an attorney’s fee award to be paid “in equal amounts by the losing party and the losing party’s attorney.” See Maradriaga v. 7-Eleven, 35 So.3d 109, 110 (Fla. 1st DCA 2010); Skarka v. Lennar Homes, Inc. 29 So.3d 1170, 1171 (Fla. 1st DCA 2010); Gopman v. Dep’t of Educ., 974 So.2d 1208, 1212 n. 3 (Fla. 1st DCA 2008).
We distinguish Avemco Ins. Co. v. Tobin, 711 So.2d 128 (Fla. 4th DCA 1998), relied upon by appellants for the proposition that a lawyer can be held liable for attorney’s fees under section 57.105 where the lawyer’s client is not also held liable for such fees. In Avemco, after the insured prevailed in the underlying litigation, the insured’s lawyer obtained a portion of funds that were deposited in the court registry in payment of the insured’s judgment; however, the lawyer kept those proceeds for his own legal fees without his client’s knowledge. Id. at 129. Later, counsel moved ex parte to have the remaining funds released to his client, obtained a trial court order for the fund’s release, and despite knowing that the carrier filed an emergency motion to have the order vacated and the funds returned to the registry, counsel gave the funds to his client — the insured. Id. However, when the trial court vacated the order and required the insured to return the funds to the registry, counsel refused to comply, ultimately resulting in the trial court holding the insured liable in contempt of court. Id. The trial court found that while the lawyer’s actions were “frivolous” and “lacked legal merit,” this did not allow the court to award fees under section 57.105 as the statute “does not provide for fees solely against an attorney without coincident liability by the client.” Id.
On appeal, we disagreed with the trial court, noting that while section 57.105 “obviously authorizes joint awards of fees against both the client and the lawyer” as the “purpose here is to make the client who authorizes and encourages his lawyer *55 to make a frivolous claim or defense share in the resulting liability for fees,” this case presented a unique set of circumstances. We explained that while this court would not hold the client liable for the attorney’s actions, “the client’s exoneration” should not effectively insulate the lawyer from section 57.105 liability.” Id. We reasoned that the term “party” in section 57.105 could have a different meaning depending upon the context. Id. “An attorney representing a client in pending litigation can certainly become a ‘party by asserting or defending the attorney’s own personal interests in that litigation....” Id. Because the lawyers in Avemco sought proceeds in a court registry for compensation allegedly due to them from the client, the lawyers “[h]aving so made themselves parties ... came under the statutory term ‘party’ in section 57.105(b) by their own conduct and were thus properly liable for fees even though their nominal client in the litigation was not liable for such fees.” Id. at 130-31.
Here, however, Ferguson did not file his motion for attorney’s fees against appellants in order to seek or defend his own personal interests in the pending litigation between Wild Turkey and appellants. Unlike the circumstances in Avemco, where the lawyers became “parties” because of their frivolous conduct, it does not appear that Ferguson filed his motion for attorney’s fees in order to gain something independent of Wild Turkey and without Wild Turkey’s consent. Moreover, as the ALJ correctly noted in his final order, there is no allegation in appellants’ motion that “Mr. Ferguson has made himself a party in this proceeding or acted in a manner that would have raised his status to a ‘party as did the lawyer in Avemco.”
We also distinguish Korte v. U.S. Bank National Ass’n, 64 So.3d 134 (Fla. 4th DCA 2011), a mortgage foreclosure case wherein we affirmed the trial court’s decision that an attorney was responsible for the full amount of attorney’s fees based on the inequitable conduct doctrine. Notably, in Korte the attorney did not challenge the trial court’s finding, under the inequitable conduct doctrine, that he was responsible for the full amount of the fees, as opposed to the usual fifty-fifty split required by section 57.105(1). Id at 137. As we observed in a footnote, the inequitable conduct doctrine is rarely applied and is reserved for cases of egregious conduct or extreme bad faith. Id. at 137 n. 2. Such circumstances were not present in this case, and we can see no basis for expanding the scope of section 57.105, Florida Statutes, to allow an award of attorney’s fees solely against Ferguson, whose client was dismissed from the case and any claims for fees against the client were waived by appellants.
We therefore affirm the order denying appellants’ request for attorneys fees pursuant to section 57.105(1) and appellants’ request for a hearing regarding those fees.

Affirmed.

STEVENSON and GROSS, JJ., concur.