PER CURIAM.
Samuel Robbins appeals a final order assessing attorney’s fees as a sanction under section 57.105, Florida Statutes (2010), based upon, as found by the trial court, -the appellant’s “conduct of pursuing a frivolous counterclaim” in an action filed by Rayonier Forest Resources, L.P., appellee. Robbins argues that the trial court’s order should be reversed because the trial court failed to make express findings that the counterclaim was “completely lacking in a justiciable issue of law or fact” and because the trial court did not provide him an opportunity to rebut the appellee’s argument in support of sanctions. We find the appellant’s arguments completely without merit and affirm.
*738 In support of his argument concerning inadequate findings, appellant consistently cites the 1979 version of section 57.105 and case law interpreting that version of the statute.[1] Although such a finding was required by the 1979 version of the statute, the 1999 amendments to section 57.105 removed the requirement that an order awarding fees pursuant to the statute include a finding that the claim lacks a justiciable issue of fact or law. The counterclaim at issue here was filed in 2010, so obviously the 1979 version of the statute is not applicable. The trial court’s order on appeal is sufficient under the current version of the statute.
As to the alleged lack of opportunity to rebut the appellee’s argument for sanctions, it is undisputed in this record that at the hearing on the sanctions motion, the trial court granted the parties an opportunity to file memoranda in support of their arguments. Appellant did not file a memorandum, but voluntarily dismissed his counterclaim.[2] Thus, this argument is also meritless.
Appellee moves for attorney’s fees on appeal under section 57.105, asserting that appellant’s appeal “is entirely without merit and unsupported by the application of current law.” Because appellee failed to comply with the safe harbor provisions of section 57.105(4), we deny appellee’s motion.
Section 57.105(l)(b), however, authorizes this court, on its own initiative, to award the prevailing party a reasonable attor-ne/s fee “on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing partys attorney knew or should have known that a claim or defense when initially presented to the court ... [wjould not be supported by the application of then-existing law to those material facts.” Attorneys fees awarded under this subsection may be assessed against only the losing partys attorney. See 57.105(3)(c), Fla. Stat. (prohibiting an award of attorneys fees pursuant to section § 57.105(l)(b) against a represented party).
Consequently, we order appellant to show cause why attorney’s fees should not be assessed as a sanction under section 57.105(1), Florida Statutes (2010), and why any attorney’s fees assessed should not be required to be paid solely by appellant’s attorneys. Appellant’s response shall be filed within 20 days from the date of the filing of this opinion. Appellee shall have 10 days from the date of service of the appellant’s response to file a reply thereto.
Based on the foregoing, the trial court’s order is AFFIRMED, and Appellee’s motion for attorney’s fees is DENIED.
WOLF, VAN NORTWICK, and CLARK, JJ., concur.

. The courts in the case law relied upon by appellant, when addressing this version of statute, correctly held that an order that did not include such a finding was fatally deficient. See, e.g., Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 506 (Fla.1982) ("The statute provides that a party is entitled to an award of attorney's fees only when the court determines that there was a complete absence of a justiciable issue raised by the losing party. Without such a finding, an order assessing attorney’s fees is technically deficient and must be reversed.”).

. The dismissal of the counterclaim was well after the running of the 21-day safe harbor period in section 57.105(4), Florida Statutes (2010).