DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HARVEY LEE DAVIS** and **ERIC MCCABE,**
Appellants,

v.

**KENNETH I. BAILYNSON, STEPHEN M. COHEN,** and **LAW OFFICES OF STEPHEN M. COHEN, P.A.,**
Appellees.

No. 4D18-1040

[January 30, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 50-2016-CA-009072-XXXX-MBAJ.

William H. Pincus and Melanie L. Campbell of Pincus & Currier LLP, West Palm Beach, for appellants.

Stephen M. Cohen of Law Offices of Stephen M. Cohen, P.A., Palm Beach Gardens, for appellees.

CONNER, J.

Appellants, Harvey Lee Davis and Eric McCabe, appeal the trial court's order denying their motion for attorney's fees pursuant to section 57.105(1), Florida Statutes (2017), seeking fees against Appellees, Stephen M. Cohen and the Law Offices of Stephen M. Cohen, P.A. (collectively, "Cohen"). In this appeal, we address whether: (1) a section 57.105(1) fee motion can be brought solely against an attorney; and (2) a section 57.105(1) fee motion can properly seek an award where a single cause of action asserts more than one factual scenario for liability, and the fee motion attacks only one of those factual scenarios as unsupported by law. We reverse, concluding the trial court erred in denying fees based on both issues.

*Background*

Appellants collectively own four units in a residential condominium complex. Appellants brought an injunction action against the

condominium association and its board of directors. Appellee Kenneth I. Bailynson ("Bailynson") was a board member who owned thirty-eight units in the condominium. In the injunction action, Appellants sought an injunction to: (1) prohibit the association from spending, using, lending, committing or otherwise disposing of the proceeds of a $1.5 million loan that the association took out from a company managed and indirectly owned by Bailynson; (2) prohibit the association from making any material alterations or substantial additions to the property or common area of the condominium without proper approval; and (3) invalidate a special assessment and roll monthly assessments back to the 2014 level. After a hearing, a temporary injunction was entered which "prohibited the [association] from imposing any special assessments and from increasing the 'regular monthly assessments to the unit owners until further Court order or agreement of the parties.'"

Subsequently, Bailynson filed suit appeal against Appellants, for breach of fiduciary duty, which is the subject of this appeal. Suit was filed and Bailynson was represented by Cohen. Cohen alleged that Appellants brought the injunction suit as a derivative action on behalf of the condominium association, and as the derivative plaintiffs, they "are representatives of the Association . . . and must act in the Association's best interest." Paragraph 18 of the complaint contains the allegations which frame the issues in this appeal:

> 18. Despite having a fiduciary duty to the Association and its members, the Defendants [(Appellants)] have, individually and collectively, taken action that has directly harmed the Association and its members. Specifically, the Defendants [(Appellants)] have each:
>
> > a. failed and/or refused to pay their regular maintenance assessments in the amounts established prior to any increases suspended by the Court in Case No. 502015CA002803XXXXMB; and
> >
> > b. failed and/or refused to allow for a modification of the Temporary Injunction obtained by the Defendants [(Appellants)] in Case No. 502015CA002803XXXXMB to allow the Association to increase assessments in an amount sufficient to pay for regular operating expenses of the Association, including but not limited to the payment of the water bills due to the City of West Palm Beach.

2

Cohen also alleged that Appellants' conduct in bringing the injunction action resulted in the association's inability to pay its water bill, that the water was subsequently turned off to the condominium, and that the City of West Palm Beach posted notices on the unit doors advising the occupants to vacate due to unsafe conditions.

Appellants sent a safe harbor notice to Cohen, attaching a motion for attorney's fees, specifically citing to sections 57.105(1)(b) and (3)(c), Florida Statutes, seeking attorney's fees from Cohen, but not Bailynson. Appellants asserted in the fee motion that the breach of fiduciary duty action "is untenable as a matter of law," and therefore, they sought sanctions against Cohen. They specifically argued that Bailynson's claim in Paragraph 18(b), as alleged by Cohen, wholly lacked merit because: (1) there can be no tortious liability for pursuing one's legal rights; and (2) actions taken within judicial proceedings are protected by the litigation privilege. Notably, the fee motion made no allegations regarding Paragraph 18(a).

Cohen moved to strike or dismiss the fee motion, arguing that: (1) he did not receive a copy of the fee motion until the day it was filed, in violation of the requisite safe harbor period; (2) it was improper for Appellants to seek attorney's fees solely from him and not also Bailynson; and (3) the "complaint was not without legal support."

A hearing was held on the fee motion. The parties made the same arguments asserted in the fee motion and the responsive motion to strike or dismiss, however, notably, Cohen conceded that the claim in Paragraph 18(b) was improper. Cohen then further argued that because "[t]here is no attack that my theory that their failure to pay their maintenance fees was a breach of fiduciary duty [asserted in Paragraph 18(a)]," Bailynson had "a colorful claim . . . [and] sanctions should not be imposed." At the end of the hearing, the trial court indicated it would take the issue under advisement, but then asked Cohen, "where did you get any authority that one of the owners of a condo has the right to sue another owner of a condo because they haven't paid their fees?" Cohen responded that the suit was filed against Appellants not as individuals, but as the "representatives" of the association, based on their status as derivative plaintiffs in the injunction action.

The trial court entered an order denying Appellants' motion for attorney's fees citing two reasons: (1) simply citing to *Sexton v. Ferguson*, 79 So. 3d 51 (Fla. 4th DCA 2011); and (2) it did "not find that the action was so frivolous or devoid of merit as to be completely apprehensible,"

citing to *Trust Mortgage, LLC v. Ferlanti*, 193 So. 3d 997 (Fla. 4th DCA 2016). Thereafter, Appellants gave notice of appeal.

*Appellate Analysis*

"In determining whether to award attorney's fees under section 57.105, Florida Statutes (2001), the trial court applies an abuse of discretion standard." *Yakavonis v. Dolphin Petroleum, Inc.*, 934 So. 2d 615, 618 (Fla. 4th DCA 2006). "The trial court's finding must be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record." *Id.* (quoting *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1141 (Fla. 4th DCA 2001)). However, "[t]o the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is de novo." *Paul v. Avrahami*, 216 So. 3d 647, 649 (Fla. 4th DCA 2017).

Appellants challenge the trial court's reasons for denying their fee motion after it determined that: (1) a 57.105(1) fee motion cannot be brought solely against an attorney; and (2) the breach of fiduciary duty count was not devoid of merit. We address the trial court's reasons separately.

*57.105 Fee Motion Solely Against Attorney*

The trial court's first reason for denying the fee motion simply cited our opinion in *Sexton*. We presume that the trial court read our prior opinion to hold that categorically a 57.105(1) fee motion cannot be brought solely against an attorney and not the client, where the attorney is not a "party."

In *Sexton*, the appellants, pursuant to a settlement agreement, withdrew their fee motion against the client, but argued that the fee motion still applied to the client's prior attorney. *Sexton*, 79 So. 3d at 53. The lower tribunal denied the fee motion after determining that withdrawing the fee motion against the client meant the appellants no longer had a claim against the attorney. *Id.* at 54. On appeal, we said that "[t]he plain language of section 57.105(1) is clear and unambiguous; it does not authorize attorney's fees to be awarded solely against a party's attorney." *Id.* We also distinguished our prior opinion in *Avemco Insurance Co. v. Tobin*, 711 So. 2d 128 (Fla. 4th DCA 1998), where we held that a lawyer can be held liable for attorney's fees under section 57.105 even if the lawyer's client is not also held liable for such fees. *Sexton*, 79 So. 3d at 54. We reasoned that

[b]ecause the lawyers in *Avemco* sought proceeds in a court registry for compensation allegedly due to them from the client, the lawyers "[h]aving so made themselves parties . . . came under the statutory term 'party' in section 57.105(b) by their own conduct and were thus properly liable for fees even though their nominal client in the litigation was not liable for such fees."

*Id.* at 55 (alteration in original) (quoting *Avemco*, 711 So. 2d at 130-31). However, in *Sexton*, we concluded that the attorney did not "[make] himself a party in this proceeding or act[] in a manner that would have raised his status to a 'party' as did the lawyer in *Avemco*." *Id.* at 55.

*Sexton* is inapposite for resolution of the fee motion in this case for two reasons. First, *Sexton* relies largely on waiver analysis. Second, and more importantly, in 2010, section 57.105 was amended, adding, among other things, section 57.105(3)(c). *See* 2010 Fla. Sess. Law Serv. Ch. 2010-129. Therefore, because subsection (3)(c) was not part of the applicable statute in *Sexton*, the holding there does not apply to the instant case, where the statute has now been amended to include the subsection.

The applicable version of section 57.105 provides:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party *in equal amounts by the losing party and the losing party's attorney* on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

. . . .

(3) Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:

. . . .

5

(c) Under paragraph (1)(b) *against a represented party*.

§ 57.105(1) and (3), Fla. Stat. (2017) (emphases added). Appellants argue that because their motion was filed under subsection (1)(b) asserting the action was not *supported by law*, the applicable version of the statute makes clear that sanctions *cannot* be awarded against a *represented party* for such a claim, pursuant to subsection (3)(c) of the statute. We agree with the argument.

"A 'statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts' and is not to be read in isolation, but in the context of the entire section." *Charles v. Sn. Baptist Hosp. of Fla., Inc.*, 209 So. 3d 1199, 1207 (Fla. 2017) (quoting *Jones v. ETS of New Orleans, Inc.*, 793 So. 2d 912, 914-15 (Fla. 2001)). Although section 57.105(1) states that the award of fees must be awarded "in equal amount by the losing party and the losing party's attorney," this is limited by section 57.105(3)(c). Section 57.105(3)(c) clearly states that attorney's fees cannot be levied upon a *party*, where the basis for attorney's fees pursuant to section 57.105 is subsection (1)(b) and the claim or defense is not supported by the application of then-existing *law* to the material facts.

We, as well as our sister courts, have consistently held that under 57.105(1)(b), *only* a party's attorney may be ordered to pay attorney's fees under section 57.105(3)(c). *See Paul*, 216 So. 3d at 651 n.3 (stating that, "Appellee's counsel, and not Appellee, must pay the attorney's fees," citing to section 57.105(3)(c)); *Wells v. Halmac Dev., Inc.*, 189 So. 3d 1015, 1021 (Fla. 3d DCA 2016) ("The fee award shall be taxed solely against counsel representing Castro at that time."); *Santiago v. Sunset Cove Invs., Inc.*, 198 So. 3d 658, 661 (Fla. 2d DCA 2015) ("[B]ecause we base the award of appellate attorneys' fees on section 57.105(1)(b), the fees may only be awarded as against [appellant]'s counsel."); *Robbins v. Rayonier Forest Res., L.P.*, 102 So. 3d 737, 738 (Fla. 1st DCA 2012) ("Attorneys [sic] fees awarded under [section 57.105(1)(b)] may be assessed against only the losing partys [sic] attorney."); *Fla. Houndsmen Ass'n, Inc. v. State*, 134 So. 3d 999, 1001 (Fla. 1st DCA 2012) ("Because our decision is based on the lack of legal, rather than factual, merit, only Appellants' attorneys shall be responsible for paying this award."); *Waddington v. Baptist Med. Ctr. of Beaches, Inc.*, 78 So. 3d 114, 117 (Fla. 1st DCA 2012) ("Finding that this appeal satisfies section 57.105(1)(b), we award Appellee its reasonable appellate attorney's fees to be paid in full amount by Appellant's counsel.").

Cohen argues *Sexton* does apply to the post-2010 version of section 57.105, because we cited to the "2010" version of section 57.105 in the opinion. However, this argument is incorrect. As Appellants correctly argue, since the statute was amended in 2010, there were two separate versions of the statute during that year. The amended, and current version, went into effect on July 1, 2010. *See* § 11.2421, Fla. Stat. (2018). As Appellants point out, our *Sexton* opinion indicates that the fee motion in that case was filed *prior* to July 1, 2010. *See Sexton*, 79 So. 3d at 53. Therefore, the version of the statute *prior* to the 2010 amendment would have been the applicable statute in *Sexton*.

We conclude that the trial court erred in denying the fee motion based on the fact that it sought attorney's fees solely against the law firm and not the client, where the fee claim is limited by section 57.105(3)(c). Thus, we reverse the trial court on this issue.

*Whether the Action Was Supported by Law*

The trial court's second reason for denying the fee motion was that it found "that the action was [not] so frivolous or so devoid of merit as to be completely apprehensible," citing to *Ferlanti*, 193 So. 3d at 1000. In attacking the trial court's second reason, Appellants' arguments encompass three sub-issues: (1) whether the trial court relied upon an incorrect standard; (2) whether the trial court could award fees for one factual scenario of liability asserted in a count asserting two separate factual scenarios for liability; and (3) whether Paragraph 18(b) was supported by law. We address the three sub-issues sequentially.

*Wrong Standard*

Appellants argue that the trial court relied upon the wrong standard because the order denying the fee motion stated that the trial court did "not find that the action was so frivolous or so devoid of merit as to be completely apprehensible." More specifically, Appellants argue that "completely apprehensible" is not the applicable standard.

> Section 57.105(1) provides for attorney's fees for the prevailing party on a claim or defense in a civil proceeding if the court determines that the losing party or the losing party's attorney knew or should have known that the claim or defense was not supported by the material facts or the application of the law.

*Blinn v. Fla. Power & Light Co.*, 189 So. 3d 227, 229 (Fla. 2d DCA 2016). As the First District discussed in *Wendy's of N.E. Florida, Inc. v. Vandergriff*, 865 So. 2d 520 (Fla. 1st DCA 2003):

7

[The] statute was amended in 1999 as part of the 1999 Tort Reform Act in an effort to reduce frivolous litigation and thereby to decrease the cost imposed on the civil justice system by broadening the remedies that were previously available. Unlike its predecessor, the 1999 version of the statute no longer requires a party to show a complete absence of a justiciable issue of fact or law, but instead allows recovery of fees for any claims or defenses that are unsupported. However, this Court cautioned that section 57.105 must be applied carefully to ensure that it serves the purpose for which it was intended, which was to deter frivolous pleadings.

*Id.* at 523 (internal citations omitted).

In denying fees in this case, the trial court cited to *Ferlanti*, which relied upon a correct statement of the standard. Although we agree "completely apprehensible" is not articulated in section 57.105(1) or the case law, we are satisfied that the trial court simply misspoke in its finding that Bailynson's breach of fiduciary action against Appellants was not "so devoid of merit . . . as to be *completely untenable.*" *Id.* at 1000 (emphasis added) (quoting *Wapnick v. Veterans Council of Indian River Cty., Inc.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013)). Therefore, we conclude the trial court relied upon the correct standard.

*Fees for One Factual Scenario of Liability Where the Action Alleges Two Factual Scenarios*

A unique aspect of application of section 57.105(1) to this case is that Bailynson brought only one count alleging breach of fiduciary duty, but asserted two different factual scenarios to support the count: Paragraph 18(a), alleging a failure to pay maintenance assessments, and Paragraph 18(b), alleging a failure or refusal to allow a modification of the temporary injunction. Because it was not referred to in the safe harbor notice, Paragraph 18(a) could not be a basis for awarding fees. Thus, this appeal raises the issue of whether 57.105(1) fees can be awarded for "part" of an action. Cohen argues that there was one claim asserting separate bases, and because one part of the claim was not asserted in the safe harbor notice, fees cannot be awarded for the other part of the claim. Appellants on the other hand, argue that after section 57.105(1) was amended in 1999, the new "version of the statute no longer requires a party to show a *complete absence of a justiciable issue of fact or law,* but instead allows recovery of fees for *any claims* or defenses that are unsupported." *Yakavonis*, 934 So. 2d at 619 (emphases added) (quoting *Vandergriff*, 865 So. 2d at 523).

8

We agree with Appellants that if an action asserts a theory of liability using more than one, but separate, factual scenarios in support of the theory, and one of the factual scenarios meets the criteria for a 57.105(1) fee sanction because it is not supported by law, the sanction must be ordered. Our conclusion is based on the change in the statute, and how courts have interpreted the language of the amended statute. Under the previous version of the statute, "[e]ven if a portion of the complaint is frivolous, an award of attorney's fees is not appropriate so long as the complaint alleges some justiciable issues." *Langford v. Ferrera*, 823 So. 2d 795, 796 (Fla. 1st DCA 2001). However, "the revised statute *expanded* the number of circumstances in which fees should be awarded." *Read v. Taylor*, 832 So. 2d 219, 222 (Fla. 4th DCA 2002) (emphasis added). "Unlike the prior version [of section 57.105], the current version of the statute does not apply only to an entire action, but now applies to *any claim or defense.*" *Id.* (emphasis added). "Because the statute refers to 'any claim or defense,' it does not require that the entire action be unsupported by material facts or the application of then-existing case law." *Santiago*, 198 So. 3d at 661.

"The central purpose of section 57.105 is, and always has been, to deter meritless filings and thus streamline the administration and procedure of the courts." *Mullins v. Kennelly*, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003). Thus, the post-1999 version of section 57.105 has expanded the circumstances where fees should be awarded and the purpose is to deter meritless *filings*. Our supreme court has also stated that section 57.105 "creates an opportunity to avoid the sanction of attorney's fees by creating a safe period for withdrawal or amendment of meritless *allegations* and claims." *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 948 (Fla. 2011) (emphasis added) (quoting *Walker v. Cash Register Auto Ins. Of Leon Cty., Inc.*, 946 So. 2d 66, 71 (Fla. 1st DCA 2006)). Therefore, it appears that our supreme court has viewed even individual allegations as part of what section 57.105(1) seeks to deter. By "individual allegations," we are referring to a series of allegations framing a theory of liability based on a factual scenario that is not supported by law.

Our view of the statute also makes sense practically. If it were the case that a party could assert multiple factual scenarios of liability pled as part of "one count," and such pleading practice could shield the party from section 57.105(1) fees because at least one scenario was supported in law and fact, then it would elevate form over substance with creative pleading. Additionally, whereas here the factual scenarios in Paragraph 18(a) and Paragraph 18(b) are distinct, they could have been asserted in two separate counts. To define a "claim" under section 57.105(1) as an entire count, would mean that Cohen in this case would avoid fees because the

complaint contained only one count, as opposed to bringing two separate counts for Paragraph 18(a) and Paragraph 18(b). We conclude that such an interpretation would defeat the purpose of section 57.105(1).

*Paragraph 18(b) as Grounds for Fee Sanction*

Paragraph 18(b) essentially alleged that Appellants would not agree to modify a court order. Appellants argue that Paragraph 18(b) was not supported by then-existing law because there can be no tortious liability for assertion of a legal right, due to the litigation privilege.

Appellants are correct that there is no tortious liability for assertion of a legal right because "[a] privilege exists as a matter of law to engage in reckless or even outrageous conduct if there is sufficient evidence that shows the defendant did no more than assert legal rights in a legally permissible way." *Rivers v. Dillards Dep't. Store, Inc.*, 698 So. 2d 1328, 1332 (Fla. 1st DCA 1997) (quoting *Canto v. J.B. Ivey & Co.*, 595 So. 2d 1025, 1028 (Fla. 1st DCA 1992)). "The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So. 2d 380, 384 (Fla. 2007). "[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Because the decision of whether to agree to a modification of the injunction in this case was clearly related to the injunction action, we agree that the litigation privilege applied to Appellants' refusal to agree to a modification of the injunction, and Cohen should have known it applied.

Even more telling here, however, is that Cohen *conceded* that there was no basis in law for his allegations in Paragraph 18(b). At the fee hearing, he stated that "the case law is clear as to that point," referring to the propriety of the allegation that Appellants "failed and refused to allow for [a] modification." Cohen also later admitted that "the case law is clear as to the one area of law," again referring to the lack of a legal basis to support Paragraph 18(b). The trial court then asked why Cohen "thr[e]w that in there," and Cohen said he "didn't recognize it at the time," and cited case law for the standard for section 57.105 fees. Cohen continued to then argue: (1) that there was no attack on the allegations in Paragraph 18(a), and therefore, there was "nothing presented . . . that that part of the claim was without merit"; and (2) there had been no action in the case between the safe harbor letter and dismissal of the case.

We conclude that the trial court was persuaded by Cohen's argument that because Paragraph 18(a) was not attacked for sanctions and Paragraph 18(b) was part of the same count, the count for breach of fiduciary duty was not "so devoid of merit . . . as to be completely untenable," and it was appropriate to deny fees on that basis, despite Cohen's concession at the fee hearing that there was no legal basis for asserting liability under Paragraph 18(b). However, Cohen should have known the litigation privilege applied to Paragraph 18(b) and his concession establishes there was no competent substantial evidence supporting the denial of 57.105(1) fees.

*Conclusion*

Although we are satisfied the trial court used the correct standard in applying section 57.105(1), we conclude the trial court erred by ignoring the application of section 57.105(3)(c) to section 57.105(1)(b). We hold that under proper circumstances, section 57.105(3)(c) permits the filing of a section 57.105(1)(b) fee motion solely against an attorney, and not the client. We further hold that under the current version of section 57.105(1), if an action asserts separate factual scenarios for liability and one of the scenarios meets the criteria for a 57.105(1) fee sanction because it is not supported by law, the sanction must be ordered. Because the record establishes that Appellants are entitled to a fee award and the trial court erred in denying their fee motion, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

TAYLOR and CIKLIN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

11